1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph E James, Jr., <br><br> Plaintiff, <br><br> v. <br><br> City of Peoria, et al., <br><br> Defendants. | No. CV-19-02069-PHX-MTL <br><br> **ORDER** |

Before the Court is the Motion to Dismiss (Doc. 8) filed by Defendants City of Peoria, Peoria Police Department ("PPD"); Chief Roy W. Minter; Sgt. D. Hickman, and Detective Shana Higgins (collectively the "Defendants"). For the reasons stated herein, the Court grants the Motion to Dismiss with leave to amend.

**I.   Factual Background**

Plaintiff Joseph E. James Jr. resides in the City of Peoria. The following factual summary derives from the Complaint's factual allegations.

**A.   August 13, 2016 Robbery**

On August 13, 2016, Plaintiff reported a robbery at his home to the PPD. The next day, the Arizona Department of Public Safety discovered Plaintiff's safe in the trunk of a vehicle that was involved in an accident on Interstate 17. Plaintiff provided evidence and witness information to PPD personnel. Plaintiff made numerous follow-up calls to the PPD, however, police officials did not follow up on these leads.

### B. September 22, 2016 Shooting

The second incident involved a shooting at Plaintiff's residence on September 22, 2016. The Complaint states that Plaintiff was "shot at six times through the backyard of his residence." Without providing specific detail relating to his efforts to report this incident to PPD, Plaintiff alleges that, "[t]his incident was never fully investigated."

### C. October 17, 2017 Personal Property Theft

The Complaint alleges a third incident that took place on October 17, 2017. On that day, Plaintiff states that all of the personal property in his residence was stolen by a tenant who had to be evicted through the judicial process. Plaintiff's stolen property included such personal items as televisions, beds, pictures, silverware, dishes, and a dining table. Plaintiff contends that he contacted the PPD concerning the theft and provided evidence. The PPD failed to show up at two scheduled meetings at his property with the Plaintiff and witnesses.

The Complaint alleges further that "[i]t took seven days for the police to file a report on the robbery." It also states that the PPD failed to contact over ten witnesses, including three eyewitnesses who saw the suspect steal the property. Other witnesses claim to have seen the suspect giving away Plaintiff's stolen property and were not questioned by the Police.

The Complaint later states that one witness was interviewed and "after several hours of questions, the Detective coerced the witness to change her testimony." Moreover, the Complaint alleges that the PPD failed to consider social media, video, and other evidence provided by the Plaintiff that identified and linked his stolen property to the person suspected of stealing it. According to the Complaint, "[t]he police have failed to investigate this crime because of the history between the lead investigator and the [P]laintiff."

## II. Procedural Background

Pursuant to A.R.S. § 12-821.01(A), Plaintiff purportedly filed a Notice of Claim against the City of Peoria, the PPD, Chief Roy W. Minter Jr., Sgt. Hickman, and Detective Shana Higgins on May 31, 2018.[1] On February 26, 2019, Plaintiff filed his Complaint in

---

[1] The Court notes that the individual Defendants all dispute being served with the Notice of Claim. (Doc. 13 at 10-11).

the Arizona Superior Court. The Complaint alleges claims for relief for negligence, violation of Plaintiff's civil rights under the 5th and 14th Amendments of the United States Constitution, negligent supervision, intentional infliction of emotional distress, fraudulent concealment, and "emotional distress." Plaintiff asks for an award of $500,000, a punitive damages award in the amount of $500,000, and for his costs.

Defendants removed the case to this Court on March 28, 2019, based on federal question jurisdiction under 28 U.S.C. § 1331. Thereafter, Defendants moved to dismiss the complaint in its entirety.

Defendants argue that all state law claims are barred by: 1) the statute of limitations, 2) the notice of claim statute, and 3) state law qualified immunity. Defendants further allege that all counts of the complaint fail to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2]

Defendants further make arguments in favor of dismissal as to certain individual Defendants. First, Defendants argue that Plaintiff failed to allege (as is required) a *Monell* claim on the federal count against the City of Peoria; thus, justifying dismissal of the federal count as to this Defendant. Second, Defendants argue that the Peoria Police Department is a non-jural entity and should be dismissed on that basis. Third, Defendants argue that Defendant Minter has never been served.

**III.   Analysis**

    **A.   Dismissal of the PPD**

The PPD moves for dismissal on the basis that it is a non-jural entity that is not capable of being sued in its own name. *See Gotbaum v. City of Phoenix*, 617 F. Supp. 2d 878, 886 (D. Ariz. 2008) (holding that, as a subdivision of the City of Phoenix, the City of Phoenix Police Department is a non-jural entity). Plaintiff's Response to the Motion to Dismiss (Doc. 10 at 4) states that "[t]he plaintiff has no objection and will stipulate to dismissing the Peoria Police Department as a Defendant because it is a subpart of the City of Peoria." (*See* Doc. 13 at 3).

---

[2] The Court does not see that Defendants have argued that they are entitled to qualified immunity as to the federal claim.

1 The PPD will, therefore, be dismissed from this action with prejudice.

**B.  State Law Claims**

**1.  Statute of Limitations**

Defendants argue that Plaintiff's claims accrued at the latest on November 7, 2017. (Doc. 8 at 4). Defendants argue that pursuant to A.R.S. § 12-821, Plaintiff's statute of limitations to file his Complaint in federal court expired November 7, 2018. Thus, Defendants conclude that Plaintiff's complaint filed in state court on February 26, 2019 is barred by the statute of limitations.

Plaintiff responds and does not dispute this law. However, Plaintiff seemly disputes the accrual date of his claims. (Doc. 10 at 4).

First, Plaintiff states that it took six months from when his notice of claim was sent to the City of Peoria, May 31, 2018, for them to respond and advise him they were taking no action on the claim. However, as Defendants note, the statute of limitations is not tolled while a notice of claim is pending. (Doc. 13 at 4 (citing *Stulce v. Salt River Project Agric. Improvement & Power Dist.*, 3 P.3d 1007, 1009 (Ariz. Ct. App. 1999) (holding, "the one year statute of limitations to sue a public entity is not tolled while the notice of claim is pending."))). Therefore, the pendency of Plaintiff's notice of claim does not toll or change the accrual date of his claims in this case.

Second, Plaintiff appears to argue that his claims did not accrue until he was advised in February 2019 by the Maricopa County Attorney's Office that they would not be prosecuting the case(s) in which Plaintiff claims to be a victim. However, as best as the Court can determine from Plaintiff's Complaint, Plaintiff's claims against Defendants are premised on a failure to perform a complete, timely investigation. On this record, Plaintiff makes no factual allegations as to how a decision by a third-party informed Plaintiff for the first time of the facts that underlie his claims regarding the original investigation. *See Thompson v. Pima Cty.,* 243 P.3d 1024, 1028 (Ariz. Ct. App. 2010) ("A plaintiff need not know *all* the facts underlying a cause of action to trigger accrual.") (internal quotations and citations omitted). More importantly, however, Plaintiff filed his notice of claim in May

2018 detailing the facts that underlie his Complaint in this case. Therefore, Plaintiff must have known of his claims in May 2018 when he filed his notice of claim, which is well before he received notification from the Maricopa County Attorney's office in February 2019.

Accordingly, the Court finds that on this record, all of Plaintiff's state law claims against all Defendants are barred by the statute of limitations.

### 2. Other Defenses

As indicated above, Defendants argue several other bases for dismissing the state law claims including failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), qualified immunity, failure to serve the notice of claim on the individual Defendants, and failure to timely serve the notice of claim on the City of Peoria. Because the Court has determined the claims are barred by the statute of limitations, the Court need not reach these additional arguments. However, because Plaintiff will be given leave to amend, this Order is without prejudice to Defendants reasserting these arguments if Plaintiff files an amended complaint.

### C. Federal Claim

Defendants move to dismiss the federal claim for failure to state a claim as to the individual Defendants under *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and failure to state a claim against the City of Peoria under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978). Dismissal for failure to state a claim "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 965 (9th Cir.), *cert. denied*, 139 S. Ct. 640 (2018).

When considering a motion to dismiss for failure to state a claim, the Court must accept all well-pleaded factual allegations as true. *Iqbal*, 556 at 678–79. Despite the rule that *pro se* complaints should be construed liberally, allegations that simply recite conclusory statements, threadbare elements of the asserted cause of action, or "naked

assertions devoid of further factual enhancement" may be disregarded as part of the analysis. *Id.* at 678; *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010).

Here, Plaintiff titles one of the counts of the Complaint, "Count Two Violation of Civil Rights 5th and 14th Amendment to the U.S. Constitution." The Complaint alleges as the basis for this count (quoted in its entirety), "56. The defendants violated the plaintiffs Civil Rights of the 5th and 14th Amendment under the U.S. Constitution that all citizens are to be provided a equal protection of life, liberty and property. 57. The plaintiff relied on the defendant's representations and his Reliance was reasonable."[3] (Doc. 1-3 at 9).

Turning first to the City of Peoria, *Monell* held that "… it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Monell*, 436 U.S. at 694. Here, Plaintiff makes no allegation of a policy, practice or custom of the City of Peoria that caused him injury. Further, Plaintiff fails to address this argument in his response to the motion to dismiss. (Doc. 10 at 6). Accordingly, he fails to state a claim under *Monell* against the City.

More broadly, the rule for failure to investigate claims arising under the Fifth or Fourteenth Amendments is that "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests*." DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1996). Thus, in order to raise a successful claim under the Due Process Clause, the Plaintiff should develop some other theory of liability.

In the motion to dismiss Defendants speculate as to three potential legal theories under which Plaintiff might be proceeding with respect to the individual defendants. (Doc. 8 at 9). Regardless of which legal theory Plaintiff is proceeding under, the conclusory allegations quoted above are inadequate to state a claim under *Iqbal*.

---

[3] The Court did not include Plaintiff's damages claims as to the federal claim.

Nonetheless, the Court notes that in his response, Plaintiff seemingly clarifies that he is proceeding on an equal protection class of one theory. (Doc. 10 at 6 ("Plaintiff was treated differently than others in the same situation.")).

Defendants recount the law governing an equal protection class of one claim as follows:

> These Equal Protection Clause claims arise "where the plaintiff alleges that she has been": (1) "intentionally"; (2) "treated differently from others similarly situated"; with (3) "no rational basis for the difference in treatment." [*Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)]; *accord Gerhart v. Lake Cty. Mont.*, 637 F.3d 1013, 1022 (9th Cir. 2010). A plaintiff also "must show that the discriminatory treatment was intentionally directed just at him, as opposed to being an accident or a random act." *N. Pacifica LLC v. City of Pacifica*, 526 F.3d 478, 486 (9th Cir. 2008).
> …
> [However,] "[t]he class-of-one doctrine does not apply to forms of state action that by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments." *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (quotation marks omitted); *accord Papas v. Leonard*, 544 F. App'x 764, 764 (9th Cir. 2013). Police investigations are in that category. Therefore, police investigations are not subject to a "class of one" theory. *See Engquist* [*v. Oregon Dept. of Agr*], 553 U.S. 591 [,] 603-04 [2008] (traffic officers); *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1216-17 (10th Cir. 2011) ("The latitude afforded police officers … necessarily results in a sizeable amount of random variation in outcome. If even innocuous inconsistencies gave rise to equal protection litigation, government action would be paralyzed."); *Flowers v. City of Minneapolis*, 558 F.3d 794, 799 [-800] (8th Cir. 2009) (citing *Engquist* and concluding "while a police officer's investigative decisions remain subject to traditional class-based equal protection analysis, they may not be attacked in a class-of-one" claim.); *cf. Galario v. Adewundmi*, 531 F. App'x 830, 831-32 (9th Cir. 2013) (child-protection investigations are "squarely within the category of subjective, individualized assessments that are not susceptible to a 'class of one' challenge").

(Doc. 8 at 10-11). Based on this law, Defendants argue both that Plaintiff fails to allege a cognizable legal theory based on a discretionary police action that would support an equal protection class of one claim and that Plaintiff has failed to allege facts that plausibly support a claim for relief. (*Id.*).

In his response, Plaintiff does not dispute Defendants' recounting of the law. Instead, Plaintiff argues that even under the law as Defendants have presented it, he factually states a claim. Specifically, Plaintiff claims he was "treated differently" by Defendants, "1. Never coming to the residence, 2. Not speaking with all the Witnesses, [and] 3. Taking 7 days to call back to take the report over the phone and failing to appear

at the crime scene." (Doc. 10 at 6). Even accepting these factual allegations as true,[4] Plaintiff fails to state an equal protection class of one claim. Most significantly, Plaintiff never alleges that he was treated differently by Defendants than any other citizen who reports a crime. Further, Plaintiff fails to argue a legal theory under which he would be entitled to relief even if he could allege that Defendants do not investigate all crimes in an identical manner. Accordingly, Plaintiff fails to state a claim under *Iqbal*.

### D. Leave to Amend

Although Plaintiff has not requested leave to amend, a court should grant leave to amend sua sponte unless the court determines that the pleading could not be cured by the allegation of other facts. *Lacey v. Maricopa County*, 693 F.3d 896, 926 (9th Cir. 2012) (en banc). In other words, leave to amend should be denied if amendment would be futile. *See Airs Aromatics, LLC v. Op. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014).

Here, the Court is doubtful that Plaintiff can allege additional facts that would cure the deficiencies in the Complaint discussed above. However, the Court cannot definitively conclude that amendment would be futile. As a result, the Court will grant Plaintiff leave to amend.

Plaintiff now knows from reading Defendants' reply and this Order (*see* footnote 4 above) that he must allege all facts in the amended complaint itself. Therefore, should Defendants again move to dismiss, Plaintiff should not expect the Court to consider facts alleged only in a response. Further, Plaintiff should assume this will be his last opportunity to amend; therefore, he must allege all facts that would state a claim in his amended complaint (if he chooses to file one).

## IV. Conclusion

Based on the foregoing,

---

[4] The Court notes that Defendants object to the Court considering new facts alleged only in Plaintiff's response and not in Plaintiff's Complaint itself. (Doc. 13 at 1-2). Legally, Defendants are correct. Nonetheless, given that Plaintiff is pro se, the Court has considered these additional facts to determine whether Plaintiff is able to state a claim.

- 8 -

**IT IS ORDERED** dismissing, with prejudice, the Peoria Police Department because it is a non-jural entity.

**IT IS FURTHER ORDERED** granting Defendants' motion to dismiss (Doc. 8).[5]

**IT IS FURTHER ORDERED** that Plaintiff is granted leave to file an amended complaint within 21 days of this Order. Plaintiff shall also file a notice pursuant to L.R. Civ 15.1(b) with a version of the amended complaint that shows changes as delineated in that rule. If Plaintiff fails to file an amended complaint within 21 days of the date of this Order, the Clerk of the Court shall enter judgment dismissing this action, with prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's request to allow this case to go to a Court hearing (Doc. 16) is granted to the limited extent the Court conducted an oral argument on the motion to dismiss on October 17, 2019. It is denied in all other respects.

Dated this 18th day of October, 2019.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge

---

[5] Because the Court has dismissed all claims against all Defendants, the Court has not addressed Defendant Minter's argument that he should be dismissed, without prejudice, for failure to serve. If Plaintiff files an amended complaint and if the amended complaint again names Minter as a Defendant, Minter may again seek dismissal on this basis.