Joseph James Jr
13477 N 75th Dr
Peoria, AZ 85381
Cell (623)233-9663
jedwardjames6465@gmail.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph E James Jr.<br><br>Plaintiff,<br><br>v.<br><br>City of Peoria,<br>~~Peoria Police Department,~~<br>Chief Roy W. Minter Jr.,<br>Sgt. D. Hickman,<br>Detective Shana Higgins,<br>John Does 1-10,<br>Jane Does 1-10.<br><br>Defendants. | No. CV-19-02069-PHX-MTL<br><br>**FIRST AMENDED COMPLAINT**<br><br>( NEGLIGENCE, VIOLATION OF CIVIL RIGHTS 5th and 14th Amendment to U.S. Constitution, NEGLIGENT SUPERVISION, INTENTIONAL INFLICTION, FRAUDULENT CONCEALMENT, DEFAMATION, DISCRIMINATION, EMOTIONAL DISTRESS, PUNITIVE DAMAGES.) |

PLAINTIFFS First Proposed Amended Complaint, Plaintiff Joseph E James Jr admits, denies, alleges and realleges as follows:

For his Complaint, plaintiff Joseph E James Jr admits, denies and alleges as follows:

1. Plaintiff Joseph E James Jr is a married individual who resides in Maricopa County, Arizona (hereafter "Mr James".)

2. All the events giving rise to this Complaint occurred in Maricopa County, Arizona.

3. Defendant one is the City of Peoria, which is a City located in Maricopa County Arizona.

4. ~~Defendant two is the Peoria Police Department, a police department located in Maricopa County Arizona in the City of Peoria~~.

5. Defendant three is Chief Roy W Minter Jr. was the Chief of Police of Peoria during the time of this Complaint.

6. Defendant four is Sgt David Hickman also known as Sgt D. Hickman is a Sgt at the Peoria Police Department in Maricopa County Arizona.

7. Defendant five is Detective Shana Higgins who is a detective with the Peoria Police Department in Maricopa County Arizona.

8. Fictitious defendants John Does 1-10, Jane Does 1-10, Corporations 1-10 and Limited Liability Companies 1-10 are participants with the above referenced defendants and are equal liable for all the claims and damages sustained in the case, jointly and severally. When the true names of these defendants are discovered, this pleading will be amended accord.

9. Defendants City of Peoria, ~~Peoria Police Department~~, Chief Roy W Minter Jr, Sgt David Hickman, Detective Shana Higgins, John Does 1-10, Jane Does 1-10, Corporations 1-10 and Limited Liability Companies 1-10 shall hereafter be collectively referred to as"defendants."

### GENERAL ALLEGATIONS

10. Mr James has lived in the City of Peoria Maricopa County Arizona at 13477 N 75th Dr Peoria Arizona 85381 since March 2003, nearly 16 years.

11. In prior years Mr James held three Arizona State dealers license, two body shops and a liquor license in the state of Arizona in the County of Maricopa.

12. The have been three incidents in question involving the Peoria police department and the residence of Mr James, each of which were overseen by Sgt David Hickman.

13. The first incident happened on August 13, 2016. The break in and robbery of the plaintiffs property.

14. Mr James's daughter Britni James called to make the report but the Peoria police department said only Mr James could make the report even though Britni James stays there.

15. One of the suspects involved with the robbery was found with the plaintiffs safe in her trunk, the safe was broken open. This was found after the suspect was involved in a wreck on the I17 by a DPS officer. One day after the robbery.

16. Numerous other suspects and witnesses were never questioned with the robbery of August 13, 2016.

17. Plaintiff made numerous calls to the Peoria police department ( to Chief Roy Minter Jr) with evidence of the robbery but was dismissed by Sgt David Hickman.

18. The second incident occurred on September 22, 2016. The plaintiff was shot at six times through the backyard of his residence. This incident was never fully investigated.

19. The third incident was on October 31, 2017. The robbery of the plaintiffs house located at 13477 N 75th Dr Peoria, AZ 85381.

20. The plaintiffs son leased out the house to a Kevin J Kendall on May 1, 2017 while the plaintiff was out of the County with a power of attorney.

21. The lease stated that the house was fully furnished and was to remained that way.

22. Kevin J Kendall did not make any payments on the property and upon the plaintiffs return on August 30, 2017, he went to the residence and ask Kevin J Kendall to leave.

23. While the plaintiff was in the residence on August 31, 2017 asking Kendall to move out, the plaintiff witnessed a majority of his property in the residence.

24. Kevin J Kendall refused to leave the property. So he was evicted from the property through the Justice Court and put a $10,000.00 dollar judgment against Kendall.

25. Kendall was ordered out of the property by October 30, 2017. Upon his departure Kendall stole all of the plaintiffs property, everything from the TV's to the beds, pictures, silverware, dishes, dining table, tools etc etc.

26. The plaintiff returned to the residence hours after Kendall left the residence. When the plaintiff entered the property it was completely robbed.

27. The plaintiff had videos days prior of his property he shared with the police but was dismissed.

28. The plaintiff immediately called the Peoria police department. The Peoria police department we're to busy respond. The police department scheduled two different times to show up to the property to investigate the complaint and they

testimony, and had her write a new statement.

36. The third eyewitness was never questioned.

37. The other numerous witnesses were also never questioned.

38. There is evidence of the suspect Kendall with current pictures on his social media sites of the plaintiffs property. The plaintiff has pictures from years before that shows some of the belongings of the property, some that are very recognizable.

39. There are videos of the plaintiffs house taken by the ATF that shows all of the plaintiffs belongings prior to the robbery.

40. There are numerous current pictures taken by suspect Kendall on social media that shows some of the plaintiffs belongings in the pictures.

41. The acquaintances that helped the suspect Kendall move out of the plaintiff's residence were never questioned. These are the same people that moved suspect Kendall's belongings in the plaintiff's residence and know what Kendall took from the plaintiff's residence.

42. The plaintiff has made numerous attempts to contact the Peoria police department with all evidence and updates, but rarely gets a response back from the Peoria police department.

43. The plaintiffs property is located at suspect Kendall's house and his shop.

44. The police have failed to investigate this crime because of the history between the lead investigator and the plaintiff, but in fact coerced witnesses to change their testimony, even testimony that was prior been given to a Superior Court

told the plaintiff to have the Witnesses present. The police never showed for any of the scheduled meetings.

29. It took seven days for the police to file a report on the robbery. That was done over the phone, the police never came to the residence to investigate.

30. The Peoria police department where given over ten witnesses to speak to and failed to speak with them. Three of the Witnesses were eyewitnesses that physically saw the suspect Kendall giving away the plaintiffs property and stealing it.

31. There are videos taken of the inside of the plaintiffs house just days prior to the robbery.

32. There are audio recordings of a list of some of the property in the residence of the plaintiffs (recordings of the plaintiff and suspect Kendall and other family members).

33. One of the Witnesses received property from the plaintiffs residence given to her by the suspect Kendall. The same witness saw suspect Kendall passing out some of the plaintiffs belongings to other neighbors.

34. The second witness was actually inside the residence when suspect Kendall was passing out belongings of the plaintiffs to friends of his. The witness knew names of the friends of Kendall's who received the property. This witness wrote a notarized affidavit which was used in a separate cases in Superior Court of Arizona.

35. The Peoria police department called in this witness to get her statement and after several hours of questions the Detective coerced the witness to change her

Judge. The police failed to speak with all the Witnesses that the plaintiff listed, failed to search Kendall's resident and shops for the plaintiffs belongings.

45. The plaintiff has proof that suspect Kendall robbed the plaintiffs house and the Plaintiff believes that the truth will be proven in a court of law and how the Peoria police department neglected to investigate this crime, but in fact had Witnesses change her testimony.

46. The plaintiff Mr James has had his Civil Rights violated by the Peoria police department.

47. The plaintiff Mr James filed a Notice of Claim against the defendants but it was not answered, the plaintiff was told by the City attorney that they were not going to respond to the Claim.

## COUNT ONE
## VIOLATION OF CIVIL RIGHTS UNDER 42 USC SECTION 1983

1) Defendant City of Peoria is a State actor in accordance with 42 USC section 1983.
2) Plaintiff is a resident of the City of Peoria.
3) Plaintiff is entitled to receive the services the City of Peoria offers all residents of the City in a equal and unbiased fashion.
4) City of Peoria provides law enforcement and crime investigation services to its citizens through the City police organization.
5) Based on standard precedent established in the **Money case** "it is when execution of a government policy or custom… inflicts the injury that the government as an entity is responsible".
6) The City by policy and custom, set up a police organization to service citizens such as the Plaintiff.
7) Plaintiff sought access to the service of the services of the police organization on three separate occasions as outlined herein, and was treated with indifference each and every time.

8) Said indifference can either be characterized as "**systematic**", in which case the City, by the very nature of its operational policies governing the police organization caused the damage inflicted herein, or, more likely, it discriminated against plaintiff by its indifference. "**Municipalities** can be liable for failure to train employees....w hen their failure to act constitutes an indifference to the person whose rights were violated". **Canton v. Harris, 488 US 378 (1989).**
9) The indifference of the City of Peoria are in violation of the Plaintiffs Constitutional rights.
10) Said violation of the Plaintiffs rights inflicted harm to plaintiff and his property.

48. The Peoria police department neglected there duty to fully investigate the robbery of the plaintiffs house because of personal reasons.

49. The Peoria police department took almost a week to even file a report after numerous calls from the plaintiff and his family.

50. The Peoria police department never came to the plaintiffs residence to investigate the robbery just did everything over the phone.

51. The Peoria police department had a lack of proper care and dereliction of Duty for the plaintiff.

52. The plaintiff relied on the defendant's representations and his Reliance was reasonable.

53. Based upon the defendant's negligence the plaintiff has been damaged in the amount of no less than $500,000

54. Based upon the malicious intentional conduct of the defendants, and each of them, and based upon their malicious conduct that evidence an evil mind committed to perform negligent acts against the plaintiff, to intentionally damage him financially, the plaintiff seeks and award of $500,000 in punitive damages from each of the fendons, jointly and severally.

WHEREFORE, the plaintiff prays for a joint and several judgment against all the defendants as follows:

A. For a award of $500,000.00:

B. For the plaintiffs costs incurred herein;

C. For an award of punitive damages of $500,000.00.

## COUNT TWO
## VIOLATION OF FIFTH AND FOURTEEN AMENDMENTS

1) Plaintiff realleges and reasserts all prior allegations herein.
2) The City of Peoria violated plaintiffs fifth and fourteenth amendment rights by failing to provide due process of law and access to the services of the City of Peoria Police organization.
3) While the **DeShaney case** cites that "due process generally confers no affirmative right to government aid....,"it is referring to government aid in specific instances.
4) Here, plaintiff sought aid on Three separate and distinct occasions that were not related and was denied aid each time.
5) Plaintiffs situation is a bit different than the facts in **DeShaney**. Judge Rehnquist said in majority opinion of DeShaney, "due process is to protect one against state action only..." In the dissent, Judge Blackman and Marshall cite in their famous **"Poor Joshua"** argument that the state action to be judged is not specific action, but the general action of establishing a police department in the first place. This "promised protection which absolved all others the responsibility to act" is what creates the liability on behalf of the state. **DeShaney,Id.**
6) Plaintiff was absolved from the responsibility of providing law enforcement and investigate services by the City of Peoria with the establishment of the Peoria Police organization.
7) Plaintiff was thus forced to rely on the City for these services as per City policy.
8) The City failed to provide the services that the plaintiff was forced to rely upon.
9) The city acts by failing to provide plaintiff with these services was discriminatory.
10) The city's actions as a result of its policy to absolve plaintiff the right to protect his life, liberty and property, inflicted damage to the plaintiff.

55. The plaintiff realleges those allegations set forth above and hereafter as if fully set forth herein.

56. The defendants violated the plaintiffs Civil Rights of the 5th and 14th Amendment under the U.S. Constitution that all citizens are to be provided a equal protection of life, liberty and property.

57. The plaintiff relied on the defendant's representations and his Reliance was reasonable.

58. Based upon the defendants civil rights violation of the plaintiff, the plaintiff has been damaged in the amount of no less than $500,000.

59. Based upon the malicious intentional conduct of the defendants, and each of them, and based upon their malicious conduct that evidence and evil mind committed to

perform civil rights violations against the plaintiff two initially damage him financially, the plaintiff seeks and Ward of $500,000 in punitive damages from each of the defendants, jointly and severally.

WHEREFORE, The plaintiff prays for joint and several judgment against all the defendants as follows:

- A. For a award of $500,000;
- B. For the plaintiffs costs incurred herein;
- C. For an award of punitive damages of $500,000.

## COUNT THREE

## NEGLIGENT SUPERVISION

60. The Peoria police department Sgt David Hickman was in charge of all three investigations. Sgt Hickman failed to speak with all the Witnesses or have any of his officers follow up with any of the evidence supplied by the plaintiff.

61. The plaintiff sent in pictures of the suspects social media sites with the Plaintiffs belongings and pictures of the belongings years before and the Peoria police department failed to investigate.

62. The plaintiff realleges those allegations set forth above and Hereafter as if fully set forth herein.

63. Based upon the defendant's lack of supervision the plaintiff has been damaged in the amount of no less than $500,000.

64. Based upon the malicious intentional conduct of the defendants, and each of them, and based upon their malicious conduct that evidence and evil mind committed to perform these acts against the plaintiff, to intentionally damage him financially, the plaintiff seeks an award of $500,000 in punitive damages from each of the defendants, jointly and severally.

WHEREFORE, the plaintiff prays for joint and several judgment against all the defendants as follows:

A. For a award of $500,000;

B. For the Plaintiffs costs incurred herein;

C. For a award of punitive damages of $500,000.

## COUNT FOUR
## INTENTIONAL INFLICTION

65. The plaintiff realleges those allegations set forth above and Hereafter as if fully set forth herein.

66. The plaintiff suffered severe emotional distress caused by the Peoria police department failure to fully investigate the loss of all personal property of the plaintiffs.

67. The plaintiff has been damaged in the amount of no less than $500,000.

68. Based upon the malicious intentional conduct of the defendants, and for each of them, and based upon their malicious conduct that evidence and Evil mind committed to perform these acts against the plaintiff, to intentionally damage him financially, plaintiff seeks in the ward of 500,000 and punitive damages from each of the defendants, jointly and severally.

WHEREFORE, The plaintiff prays for joint and several judgment against all of defendants as follows:

A. For an award of $500,000:

B. For the plaintiffs costs incurred herein:

C. For an award of punitive damages of $500,000.

## COUNT FIVE

## FRAUDULENT CONCEALMENT

69. The plaintiff realleges those allegations set forth above and hereafter as if fully set forth herein.

70. The Peoria police department concealed evidence, convinced eye witnesses to change there sworn testimony.

71. The plaintiff has been damaged in the amount of no less than $500,000.

72. Based upon the malicious intentional conduct of the defendants, and each of them, and based upon their malicious conduct that evidence an evil mind committed to perform fraudulent Acts against the plaintiff to intentionally damage him financially, the plaintiff seeks an award of $500,000, and punitive damages from each of the defendants, jointly and severally.

    A. For an award of $500,000;

    B. For the plaintiffs costs incurred herein:

    C. For an award of punitive damages of $500,000.

## COUNT SIX

## EMOTIONAL DISTRESS

73. The plaintiff realleges those allegations set forth above and Hereafter as if fully set forth herein.

74. The plaintiff has suffered emotional distress because of the lack of Investigation done by the Peoria Police Department.

75. The plaintiff has been damaged in the amount of no less than $500,000.

76. Based upon the malicious intentional conduct of the defendants, and each of them, and based upon their malicious conduct that evidence has an evil mind committed to perform fraudulent acts against the plaintiff, to intentionally damage him financially, the plaintiff seeks an award of $500,000 in punitive damages from each of the defendants, jointly and severally.

    WHEREFORE, the plaintiff prays for joint and several judgment against all the defendants as follows:

A. For an award of $500,000;
B. For the plaintiff costs incurred herein;
C. For an award of punitive damages of $500,000.

Respectfully submitted on this 8th day of November, 2019.

_____
Joseph E James Jr