**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph E James, Jr., | No. CV-19-02069-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| City of Peoria, et al., | |
| Defendants. | |

Plaintiff filed his First Amended Complaint (Doc. 24) on November 8, 2019, after this Court dismissed his prior Complaint with leave to amend (Doc. 23). Before the Court is Defendants' Motion to Dismiss the First Amended Complaint, filed on November 27, 2019. (Doc. 25.) The Response to the Motion to Dismiss was due on December 17, 2019. Plaintiff Joseph E. James missed that deadline. On December 30, 2019, the Court warned Plaintiff that the Motion to Dismiss is a dispositive one and that failure to respond to it by January 10, 2020, might result in dismissal of the case pursuant to Local Rule 7.2(i). (Doc. 26.) On January 10, 2020, Plaintiff filed a Response that did not provide additional substantive legal arguments but instead stressed the importance of allowing a jury to decide the case. (Doc. 27.) Defendants filed their reply brief on January 21, 2020. (Doc. 28.) Thus, the Motion is fully briefed.

Despite the lack of legal argument in the Response, the Court nonetheless evaluated the merits of the First Amended Complaint to determine whether it contained any theories, which if liberally construed in Plaintiff's favor, could be pursued without

futility. The Court could not find any such theory. The Court has already recited the essential factual findings in its prior Order (Doc. 23 at 1-2) and relies on them here since the First Amended Complaint did not provide any additional legally significant facts. For the reasons expressed herein, the Court grants Defendants' Motion to Dismiss all claims with prejudice.

## I.     LEGAL STANDARD

The Federal Rules of Civil Procedure allow a court to dismiss a case when Plaintiff fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). On a Motion to Dismiss for failure to state a claim, the Court must accept Plaintiff's allegations in the Complaint as true so long as they plausibly state "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.,* 751 F.3d 990, 996 (9th Cir. 2014)). However, "[t]he Court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (internal marks omitted). "A pleading that offers . . . naked assertions devoid of further factual enhancement" does not state a claim "that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal marks omitted).

"Although leave to amend a deficient complaint shall be freely given when justice so requires . . . leave may be denied if amendment of the complaint would be futile." *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010). "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (internal marks omitted).

## II.    COUNT ONE § 1983 – VIOLATION OF CIVIL RIGHTS

In Count One of his First Amended Complaint, Plaintiff argues that the City of Peoria is subject to liability because it, "by policy and custom, set up a police

organization to service citizens," and the police department treated him with indifference on three occasions by not responding to his requests for assistance in a satisfactory manner. (Doc. 24 at 7, ¶¶6-7.) Plaintiff does not cite a constitutional or statutory right that the alleged indifference violates,[1] but the Court construes this as a substantive due process claim. This argument appears to be an attempt to bring the Complaint into the scope of *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658 (1978), which rejects vicarious liability for the acts of municipal employees and recognizes § 1983 liability when the injury was caused by the execution of a government policy or custom. *Id. at 694.* However, a policy of indifference that allows a private actor to "inflict[] harm to plaintiff and his property" (Doc. 24. at 8, ¶10) is not a cognizable claim under the Fourteenth Amendment's Due Process Clause absent an affirmative government act that creates the danger that injured the plaintiff. *See DeShaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 195 (1989); *see also Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1061-62 (9th Cir. 2006) (explaining the state-created danger doctrine).

Plaintiff's failure to train claim (Doc. 24 at 8, ¶8) fails for similar reasons. *See Canton v. Harris*, 489 U.S. 378, 385 (1989) ("our first inquiry . . . is the question whether there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation."). Here, because there is no affirmative constitutional right to police services, *DeShaney*, 489 U.S. at 195, the City cannot be liable under § 1983 for failing to train its employees. Future amendments to this claim would be futile because the Supreme Court has foreclosed Plaintiff's legal theory. Therefore, the Court dismisses this claim with prejudice.

## III. COUNT TWO § 1983 – FIFTH AND FOURTEENTH AMENDMENT VIOLATIONS

Plaintiff alleges in Count Two that the City of Peoria violated his Fifth and

---

[1] Plaintiff styles Count One as "Violation of Civil Rights Under 42 USC Section 1983" (capitalization altered), however "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal marks omitted).

Fourteenth Amendment rights "by failing to provide due process of law and access to the services of the City of Peoria Police Organization." (Doc. 24 at 9, ¶ 2.) As discussed earlier, Plaintiff's legal theory that creating the police department "forced [him] to rely on the City," thus creating liability for the police department's alleged failure to investigate, runs contrary to Supreme Court case law. Plaintiff encourages the Court to adopt the dissents in *DeShaney*. (Doc. 24 at 9, ¶ 5.) Those dissents would allow a Fourteenth Amendment § 1983 claim when the government has entered the arena of protecting citizens and acquires knowledge about danger to a particular citizen yet does not intervene. *See DeShaney*, 489 U.S. at 210 (Brennan, J., dissenting); *see also id. at* 213 (Blackmun, J., dissenting). Under our system of government, however, the lower courts do not have the authority to set aside the holding of binding Supreme Court precedent in favor of a dissent. *See Bosse v. Oklahoma*, 137 S.Ct. 1, 2 (2016).

Plaintiff makes another argument under Count Two. He alleges that "failing to provide plaintiff with [requested police] services was discriminatory." (Doc. 24 at 9, ¶9.) He has not alleged that he is a member of a protected class, however, which might be a basis for a discrimination claim if it motivated the police department's alleged decision not to provide services. *Cf. Weathers v. Hagemeister-May*, 663 Fed. Appx. 547, 549 (9th Cir. 2016). To the extent that Plaintiff wishes to make a class-of-one Equal Protection argument in the First Amended Complaint, he did not come close to making the required showing that Defendants (1) intentionally; (2) treated him differently than others similarly situated; (3) with no rational basis for the different treatment. *See Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). Moreover, "[t]he class-of-one doctrine does not apply to forms of state action that by their nature involve discretionary decision making based on a vast array of subjective, individualized assessments." *Towery v. Brewer*, 672 F.3d 650, 660 (9th Cir. 2012) (quotation marks omitted). Police investigations fall into that category. Plaintiff has not stated a claim upon which relief may be granted.

Given the gravamen of this case, this Court finds that filing additional amended complaints would be futile. Specifically, Plaintiff acknowledges that a private actor, who

had access to Plaintiff's property because of a lease rather than the actions of the police department, stole Plaintiff's property. (Doc. 24 at 4, ¶¶ 20, 25.) Thus, Plaintiff cannot state facts that support a cognizable claim.

## IV.    STATE LAW CLAIMS

Plaintiff's First Amended Complaint includes four state law causes of action: negligent supervision, "intentional infliction," fraudulent concealment, and "emotional distress." (Doc. 24 at 10-12.) This Court has already ruled that Plaintiff's state law claims are barred by the statute of limitations. (Doc. 23 at 5.) Nothing in the First Amended Complaint changes this. Therefore, the Court need not decide the other bases for which Defendants seek dismissal on the state law causes of action.

## V.    CONCLUSION

Plaintiff asks this Court to find Defendants liable because they did not investigate the report of a series of crimes with the diligence that he expects. But this Court cannot constitutionalize every grievance concerning perceived government inefficiency. Investigations and prosecutions are inherently discretionary functions. The facts of this case do not state a plausible Fifth or Fourteenth Amendment Claim. As to the state law claims, they are barred by the statute of limitations. The Court finds that the First Amended Complaint fails to state a claim upon which relief may be granted.

Accordingly,

**IT IS ORDERED** granting with prejudice Defendants' Motion to Dismiss. (Doc. 25.)

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment in this case in favor of Defendants as set forth herein.

Dated this 22nd day of January, 2020.

*Michael T. Liburdi*
_____
Michael T. Liburdi
United States District Judge